## 19848. WOOTEN *v.* THE STATE.

PER CURIAM. 1. The grounds of the motion for a new trial complaining of. the admission of evidence fail to show what objection was made to the evidence at the time it was offered, and, therefore, under repeated rulings of the Supreme Court and of this court, are not in proper form to be considered.

2. The remaining grounds show no harmful error.

3. The evidence connecting the accused with the offense charged was meager and not altogether satisfactory to this court, but it can not be held that the verdict was unauthorized by any evidence, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED AUGUST 23, 1929.

*S. W. Fariss,* for plaintiff in error.

*M. Neil Andrews,* solicitor-general, *Dean Owens,* contra.

LUKE, J., dissenting. G. T. Wooten was convicted of possessing intoxicating liquors, and he excepts to the overruling of his motion for a new trial. A witness for the State swore: "I heard somebody talking, and we slipped up and saw Mr. Wooten (the defendant) and Lester Nations and Barney Mitchell sitting on the side of a bank in a field right near the woods. I *think* Wooten heard us coming. Wooten jumped up and came into the woods and picked up a jug and put it in a stump hole and covered it with leaves. We went and arrested all three of the men, Wooten, Mitchell and Nations, and went and got the jug of liquor." The defendant's counsel objected to "what the witness *thought* the defendant heard." The objection was overruled. The witness should have testified about facts that he knew rather than mere conjecture or conclusions. And this particular language of the witness, to wit, "I think Wooten heard us coming," was especially hurtful to the accused because it put him in the position of knowing that officers were coming and

hiding the liquor from them, and elicited a charge from the court to the effect that if the defendant took possession of intoxicating liquor for the purpose of hiding it from the officers, or destroying it, this would be possession in contemplation of the statute, and it would be the jury's duty to convict the defendant.

The State's witness further testified: "The liquor in the jug belonged to Mr. Wooten." When asked how he knew it belonged to Wooten, the witness replied: "I know this liquor belonged to Mr. Wooten because Barney Mitchell told me it did." Movant's objection to this evidence was overruled. The evidence was very material, and was harmful because it fixed the ownership of the liquor on the defendant. It was inadmissible because it was purely hearsay and depended upon the veracity of one other than the witness. Furthermore, Barney Mitchell, who gave the information, was one of the three sitting in the field and arrested, and he might reasonably be presumed to be interested in putting the ownership of the liquor in someone other than himself. The evidence objected to was hearsay, without probative value, and the court erred in not excluding it. *A. C. L. R. Co.* v. *Collins,* 13 *Ga. App.* 759 (79 S. E. 946) ; *Smith* v. *State,* 63 *Ga.* 170 (11).

While there is no doubt about liquor being found, it is not unreasonable to conclude that it belonged to one of the two who were arrested with the defendant, rather than to the defendant; and who can say that the jury would have fixed the ownership of the liquor on the defendant had it not been for the inadmissible evidence of which complaint is made? It is of paramount importance that persons charged with crime should be tried according to the rules of law. I am of the opinion that under the statutes of our State the grounds of the motion for a new trial in this case are definite and comprehensive enough to require consideration, and meritorious enough to require another trial.